*MHW*

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

United States of America ex rel.

**Henry C. Hill #B62006**
(Full name and prison number)
(Include name under which convicted)

PETITIONER

vs.

**John Evans, Warden & Roger Walker**
(Warden, Superintendent, or authorized
person having custody of petitioner)

RESPONDENT, and

**(Fill in the following blank only if judgment
attacked imposes a sentence to commence
in the future)**

ATTORNEY GENERAL OF THE STATE OF

**ILLINOIS**
(State where judgment entered)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

FEB 2 6 2008
2 -26 -2008 *MWB*

CLERK, U.S. DISTRICT COURT

CASE
NO:
(Supplied by Clerk of this Court)

**08CV1178**
**JUDGE GUZMAN**
**MAGISTRATE JUDGE MASON**

Case Number of State Court Conviction:

**03CR25415,16,17**

## PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1.  Name and location of court where conviction entered: **Cook County, Ill.**

2.  Date of judgment of conviction: **May 29, 2007**

3.  Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
**Two counts of Residential Burglary & one count of PSMV**

4.  Sentence(s) imposed: **8 yrs. (reduce on December 13, 2007)**

5.  What was your plea? (Check one)
    (A) Not guilty      ( )
    (B) Guilty          (✗)
    (C) Nolo contendere ( )

    If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:
    **N/A**

Revised: 7/20/05

IN THE UNITED STATES DISTRICT COURT
FOR THE :             DISTRICT OF ILLINOIS

HENRY C. HILL, Inmate #B62006,          )
                                        )
              Plaintiff,                )
                                        )
    vs.                                 )   CIVIL NO. ⁻
                                        )
    ROGER WALKER, Jonh. Evans,          )
Mike Sanders, Richard Lynch,            )
Arnie Van Zandt                         )
                                        )
                                        )
              Defendants.               )


PLAINTIFF's   FIRST        ) COMPLAINT AS TO
            HABEAS CORPUS IMMEDIATE RELEASE


    Now comes, Henry Hill by and through Pro-Se moves this court
for Habeas Corpus/Immediate Release        complaint as
              Pursuant to              ⁻ᵃ 28 U.S.C. 2254. And
states the following:


1) That on /or about january 10, 2007       court issue an order
allowing Hill to pursue his 1983 Medical deliberate indifference
claim. (count one)

2)  That plaintiff original complaint alleged one & two count; count
two relate to a violation of due process at/in a prisoner dicsiplinary
hearing.

3)  That on/or about August 21, 2006 .      court dismissed count two
without prejudice; advise(ing) Hill to exhausted his state court
remedies. (see Attachment A)

4)  That Hill in fact pursue his state remedies in the filing of
a"petition for Mamdumus"; filed on November 2, 2006. (see Ex. I )

5)  That the petition for Mandumus was dismiss without an opinion.
(see EX. II )

6)  That Hill filed a Motion to Vacate NON-OPINION Order.  The court
never ruled on the motion.  (see EX. III )

7)  That HIll filed an appeal but was unable to paid the fee(s) and
the appeal was not forward.  (see IV )

8)  That HIll now   -file ʹ        and raise three issues for review.

9)    That Hill is in the custody of ILL. Dept. of Corr./ Big MuddyRiver C.C.

Plaintiff states that his medical condition requires adequate rest. Plaintiff states that because he was not receiving proper medical care, and because he was unable to get adequate rest while housed in the general population, he was "forced to place [himself] in segregation" to get the rest required to treat his condition.  Plaintiff was disciplined for his failure to comply with orders to return to the general population.  Exhibits attached to the complaint show that Plaintiff was found guilty of disobeying direct orders and violating prison rules on March 31, April 4, April 6, May 9, and June 6, 2005.  He was disciplined with loss of good conduct credit, time in segregation, and demotion to c-grade status.   Plaintiff states that the disciplinary hearings leading to these punishments violated due process in that Defendants Chapman and Butler never investigated his claims that he was being denied medical treatment as a justification for his refusal to leave segregation.  Plaintiff states that Defendants Lambert and Walker approved the taking of good conduct credit.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must

show at the outset that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Only after a plaintiff has stated such a deprivation will the Court conduct an analysis of whether the process he received was adequate. The Supreme Court has held that while a state may create a liberty interest, such state-created liberty interests are limited to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995).

In the instant case, Plaintiff was placed in disciplinary segregation. However, he has no protected liberty interest in remaining in general population. *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997) (70 days in segregation not atypical and significant hardship); *Wagner v. Hanks*, 128 F.3d 1173, 1175-76 (7th Cir. 1997) (rejecting claim that prisoner was improperly held one year in disciplinary confinement); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (six months in segregation not atypical and significant hardship). Plaintiff was also demoted to c-grade status; this deprivation also does not implicate a protected liberty interest. *See Thomas*, 130 F.3d at 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to c-grade status).

A loss of good time credit, however, does implicate a liberty interest because such a loss potentially affects the length of Plaintiff's sentence. As such, Plaintiff does present a cognizable due process claim regarding good time credit revoked in the disciplinary proceedings. However, the proper method for challenging the revocation of good time credit is habeas corpus, but only after

Plaintiff has exhausted his remedies through the Illinois state court.

## ISSUE A

Whether Hill recieved due process in a prisoner disciplinary hearing that resulted in the loss of good-time credit.

1)   That Hill's need of medical treatment was "evidence of extenuuating circumstances"; it require Hill to receive the full panoply requirement under Wolff vs McDonnell 94 S. Ct. 2963.

2)   That Hill did not receive and/or "call witness and present documentary evidence of which the member of the hearing board has availabe by calling the Health Care Unit at Big Muddy River.

3)   That Hill has exhausted all his state remedies on this issue.


## ISSUE B

Whether the loss of good time should be restored after Hill's Criminal case is VACATED.

1)   That on/or about October 8, 2003 Hill was arrested and charge with 2 count of Residential Burglary and 1 count of Poss. of Stolen Motor veh., he was sentence on August 6, 2004 to 9½ years IDOC.

2)   That in /or around November, 2006 the ILL. APP. CT. remanded Hill's case to the trial court.

3)   That on/or about May 29, 2007 the trial court Vacated Hill's sentence. And Hill pead anew to 9years time consider served.  (see EX. V )

4)   That defendant Roger Walker and his agents has NOT RE-CALULATED Hill's new sentence to refect the restoring of the March, 2005 to June,2005 loss good time.

5)   That ILL. law 5 ILCS 100/5-20 states "policy shall be stated as precisely and clearly".

6)   That defendant has NO WRITTEN policy on the issue of restoring loss good time after the vacat of asentence.  "  but for an unwritten policy inmate would have been entitle to award of good time credit " see Guzzo vs Snyder 762 N.E.2n 664.  (see EX. VI )

7)   That Hill exhausted his state remedies on this issue in the ILL. S. CT., case # 11903, Hill vs Warden Bradford. (see Attachment B)


## ISSUE C

Whether Hill is entitle to IMMEDIATE RELEASE.

1) That Hill was sentence on May 29, 2007, to 9 years IDOC with presentence
jail from the date of arrest of which is October 8, 2003.

2)  That under ILL. law 730 ILCS 5/3-6-3 Hill must do 4½ years of that
9 years.  IDOC practice and policy is all NON-VIOLENCE offender(s)
recieve 180 days/6months good time, of which Hill would do just 4 years
in prison.  From October,2003 to October, 2007 is 4 years.  Walker
and his agents has calulated Hill's out date as of August, 2008.  (see EX.VII)

Wherefore, Henry Hill prays that this court will grant judgmnet
of IMMEDIATE RELEASE, AND award him damages of both Compensatory & Puntive,
against defendants.

RESPECTFULLY SUBMITTED,

Henry C. Hill #B62006
P.O. Box 900
Ina, IL 62846

I, Henry C. Hill being first duly sworn, depose awnd says that the
information contain in this Amended Complaint/Habeas Corpus is true
to the best of my knowledge.  And information base on belief I too
say it to be correct.

HENRY C. HILL

SUBSRICIBED AND SWORN TO
BEFORE ME THIS 31 DAY OF
_____, 2008

NOTARY PUBLIC

OFFICIAL SEAL
Jennifer L. Wilson
Notary Public, State of Illinois
My Commission Exp. 07/31/2008

IN THE UNITED STATES DISTRICT COURT
FOR THE       ı      DISTRICT OF ILLINOIS

HENRY C. HILL, Inmate #B62006,  )
                                )
                 Plaintiff,     )
                                )
vs.                             )    CIVIL NO.  _  _  ___
                                )
ROGER WALKER,          _        )
                                )
                                )
                                )
                                )
                 Defendants.    )

**Plaintiff's** ⟨ ~~.........~~ ~~.., Complaint~~
──────────────── Habaes Corpus — Immediate Release ────────

NOW COMES Henry Hill, by and through Pro Se and
Complaint ₌nd states the following.

1) That additional Defendants are here as follows:

   a)  Warden Evans is the Warden at the Big Muddy River Correctional
       Center.

   b)  Mike Sanders is the Casework Supervisor at the Big Muddy
       River Correctional Center.

   c)  Richard Lynch is the Housing Unit Caseworker/Counselor at
       the Big Muddy River Correctional Center.

   d)  Arnie VanZandt is the Record's Office Supervisor at the
       Big Muddy River Correctional Center.

2) That each has personal knowledge of Hill order of sentence
   vacate and "TCS".

— 1 —

3) That Warden Evans after Hill spoke with him face to face,
and show(ed) Evans the Court order, Evans refuss(ed) to release
Mr. Hill and/or inform Sanders to re-instate Hill's loss
good time.  Hill on more than four occasions has written
Evans on this issue; but received no response.  Hill in fact
placed in the inmate's grievance box two "Emergency" grievances
to Warden Evans in/or around September and October 2007.
Warden Evans never responded to either grievance.

4) That Hill spoke face to face with Sanders on the issue of
sentence vacated, in fact show(ed) Sanders the Court order
and ask that Hill's lost good time be restore(d), Sanders
did nothing.  Hill wrote Sanders over four times and never
received a response.

5) That Lynch was informed by Hill through request slip about
this issue to vacated sentence and restore lost good-time;
Lynch did nothing nor responded to Hill's request.  In fact
Lynch action was malice. (See Ex. A)

6) That Van Zandt at after meeting with Hill face to face in
July, 2007 told Hill that he would see to it that Hill be
put in for good time;  VanZandt never did such.  Hill wrote
VanZandt over four times, but never got a response.

7) That on/or about September 28, 2007, Hill gave all Defendants
now named formal notice of his legal intent. (See Ex. B)

8) That Sanders and Lynch were made aware that my 15 year old
son, was in the hospital and each refussed to allow me to
call him or the hospital; my son has since died-passed away,
without me speaking to him. (See Ex. A)

- 2 -

9)   all Defendants violated Hill's Due Process Rights and his rights

against cruel and unusual punishment, 5th and 8th Amendment,

U.S. Constitution.

WHEREFORE, Henry Hill prays that this Court will grant

this motion.

Respectfully Submitted,

Henry C. Hill
Reg No. B-62006
Big Muddy River C.C.
P.O. Box 900
Ina, Il.  62846-0900

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

HENRY C. HILL, Inmate #B62006,     )
                                            )

          Plaintiff,         )
                                            )

vs.                          )     CIVIL NO. 05-714-GPM
                                            )

ROGER WALKER, et al.,         )
                                            )

         Defendants.       )

### NOTICE OF UNLAWFUL IMPRISONMENT
### PRIOR TO COURT ORDER OF MONETARY DAMAGES

TO:  Warden Evans, Mike Sanders, Richard Lynch, Arnie Van Zandt
cc:  ILL.ATTY. GEN., Walker, Clerk of Court

Please Take Notice that on May 29, 2007 Henry Hill was sentence
in Cook County Court to 9 years  IDOC with presentence jail credit
from date of arrest of which is/was October 8, 2003.

Under ILL.Law 730 ILCS 5/3-6-3, Hill out date is October 8, 2007,
(with good time ).

That all ABOVE NAMEd are in violation of ILL. Law, 5 ILCS 100/5-20
and 730 ILCS 5/3-6-3.

Whereas, on  and or soon after October 8, 2007 Hill will seek
MONETARY DAMAGES from each named above for every day he is held(ed)
unlawfully.

Let this served as formal Notice!


September 28, 2007                    Henry C. Hill # B62006
                                            P.O.Box 900
                                            Ina, IL 62846

*EX.B*

**PART I ~ TRIAL AND DIRECT REVIEW**

1. Kind of trial: (Check one):     Jury ( )          Judge only (X)

2. Did you testify at trial?     YES ( )      NO      (X)

3. Did you appeal from the conviction or the sentence imposed? YES (X)   NO ( )

    (A)  If you appealed, give the

        (1)  Name of court:     _See ATTACHMENT C_

        (2)  Result:     _Remand_

        (3)  Date of ruling:     _11/6/06_

        (4)  Issues raised:     _See Attachment C_

    (B)  If you did not appeal, explain briefly why not:
         _N/A_

4. Did you appeal, or seek leave to appeal, to the highest state court?  YES ( )       NO (X)

    (A)  If yes, give the

        (1)  Result:     _N/A_

        (2)  Date of ruling:     _____

        (3)  Issues raised:     _____

    (B)  If no, why not:  _Need not case/sentence Vacated_

5. Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes ( )  No (X)

    If yes, give (A) date of petition: _____  (B) date *certiorari* was denied:     _____

Revised: 7/20/05

## PART II – COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

   YES (X)   NO ( )

   With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

   A. Name of court:  Cook County

   B. Date of filing:  See Attach

   C. Issues raised:  _____

   _____

   _____

   D. Did you receive an evidentiary hearing on your petition?     YES (X)   NO ( )

   E. What was the court's ruling?  Reduce Sentence

   F. Date of court's ruling:  12/13/07

   G. Did you appeal from the ruling on your petition?     YES ( )   NO (X)

   H. (a)   If yes, (1) what was the result?  ____N/A____

         (2) date of decision:  _____

     (b)   If no, explain briefly why not:  Time Consider Served

   I. Did you appeal, or seek leave to appeal this decision to the highest state court?

   YES (X)   NO ( )

     (a)   If yes, (1) what was the result?  Deny without Prejudice

         (2) date of decision:  _____

     (b)   If no, explain briefly why not:  _____

Revised: 7/20/05

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?     YES ( )     NO (X)

    A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

        1.    Nature of proceeding    See Attachment D

        2.    Date petition filed

        3.    Ruling on the petition

        4.    Date of ruling

        5.    If you appealed, what was the ruling on appeal?

        6.    Date of ruling on appeal

        7.    If there was a further appeal, what was the ruling ?

        8.    Date of ruling on appeal

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?     YES ( )     NO (X)

    A. If yes, give name of court, case title and case number: See Attachment A

    B. Did the court rule on your petition? If so, state

        (1) Ruling:     See Attachment A

        (2)   Date:

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?     YES ( )     NO (X)

    If yes, explain: _____

Revised: 7/20/05

## PART IV – REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing _Cook County Public Defender's office_

(B) At arraignment and plea _____

(C) At trial _____

(D) At sentencing _____

(E) On appeal _____

(F) In any post-conviction proceeding _Fred Weil public Defender's office_

(G) Other (state): _____

## PART V – FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO (X)

Name and location of the court which imposed the sentence: _N/A_

Date and length of sentence to be served in the future _____

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: _____
           (Date)                    _____
                                     Signature of attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

_Denny L. Hilb_
(Signature of petitioner)

_B62006_
(I.D. Number)

_P. O. Box 900   Ina, IL 62846_
(Address)

Revised: 7/20/05

## VI.    Relief:

State briefly exactly what you want the court to do for you.  Make no legal arguments.
Cite no cases or statutes.

Immediate Release and compentory & punitive

monary damages.

_____

_____

_____

_____

_____

_____

_____

_____

I declare under penalty of perjury that all facts
given in the complaint are true and correct.

Signed this _____ day of _____,  _____

_____

_____

_____
(Signature of plaintiff or plaintiffs)

B62006
(I.D. Number)

P. O. Box 900

Ina, IL 62846

_____
(Address)

8

**NOTICE**
The text of this order may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same.

FIRST DIVISION
Filed:  11/06/06

No. 1-05-1353

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | Nos. 03 CR 25415 |
| | ) | 03 CR 25416 |
| | ) | 03 CR 25417 |
| | ) | |
| HENRY HILL, | ) | Honorable David P. Sterba, Judge Presiding. |
| Defendant-Appellant. | ) | |

O R D E R

Defendant Henry Hill appeals from the circuit court's denial of his *pro se* pleading, which was treated by the court as both a post-plea motion and a petition for relief under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2004)). On appeal, defendant contends that his cause should be remanded despite its untimeliness in the context of withdrawing his guilty plea because the circuit court improperly admonished him of his appellate rights following his guilty plea.  Alternatively, defendant contends that the circuit court erred by dismissing his pleading as a section 2-1401 petition without giving him notice or an opportunity to be heard.  We remand with directions.

On June 2, 2004, following a Supreme Court Rule 402 conference and hearing, defendant pleaded guilty to two counts of

ATTACHMENT C

1-05-1353

Defendant informed the court that he wanted to plead guilty to
the three criminal charges against him.

The parties stipulated to the State's factual basis for the
charges, and further stipulated to defendant's criminal history,
including his status as a Class X offender.  The court accepted
defendant's pleas and found defendant guilty of two counts of
residential burglary and one count of possession of a stolen
motor vehicle.  Defendant acknowledged on the record that he had
signed a waiver of the presentence investigation report.  The
court sentenced defendant to prison terms of nine years and six
months for each of defendant's convictions, to run concurrently.
The court expressly stated that it sentenced defendant "[i]n
accordance with the agreement."

At the close of the hearing, the court admonished defendant
as follows:

> "Sir, you have a right to appeal.  In
> order to do so[,] you must first file a
> motion to withdraw your pleas of guilty, and
> motion to modify or reconsider the sentence.
> That motion must be in writing, be filed with
> the Clerk of the Circuit Court within thirty
> days of today's date.  Therein you must set
> forth all of your grounds or reasons
> therefore.  Anything not so stated will be

1-05-1353

>"Your honor, this is here on
[defendant's] 2-1401 petition or motion to
reduce sentence.  I don't know what you want
to consider it as.  Your Honor, to be honest
with you, he filed this about a week after
the 30 days for the motion to reduce
sentence.  And, I believe that's why he also
labeled it 2-1401.  I think it's more a
matter of motion to reduce sentence or a
motion to withdraw his plea.  I don't know if
you would consider - because it's late - I
talked with him.  He has informed me that he
had trouble getting to the law library.  It
was next to impossible.  And he wasn't able
to prepare this in time."

The court recognized that the first time that defendant had filed
a motion to withdraw his guilty plea that his filing was beyond
the 30-day filing deadline, but that motion was granted despite
its untimeliness.

Defense counsel informed the court that defendant also
labeled his pleading as a 2-1401 petition and noted that it was
within the two-year filing deadline for such pleadings.  Defense
counsel then explained the issues presented in defendant's

1-05-1353

In order to appeal from a circuit court's judgment entered on a guilty plea, Rule 604(d) requires a defendant who entered either a negotiated or open guilty plea to first file a written postplea motion with the circuit court within 30 days of the date on which sentence was imposed as a condition precedent to that defendant's appeal. 188 Ill. 2d 604(d); People v. Gougisha, 347 Ill. App. 3d 158, 160-61 (2004). Here, defendant pleaded guilty and was sentenced on August 6, 2004. As defendant acknowledges, he mailed his postplea motion on September 13, 2004, which was not within 30 days of his sentencing. Thus, defendant failed to comply with Rule 604(d).

However, noncompliance with Rule 604(d) does not deprive a reviewing court of jurisdiction, but may result in waiver of the defendant's right to appeal. Gougisha, 347 Ill. App. 3d at 161. Where a circuit court issues inadequate guilty-plea admonishments pursuant to Rule 605, we may consider an appeal despite a defendant's noncompliance with Rule 604(d) under the "admonishment exception" to the postplea motion requirement. Gougisha, 347 Ill. App. 3d at 161. In this case, because the parties disagree on whether defendant entered a negotiated guilty plea, which is governed by Rule 605(c), or an open guilty plea, which is governed by Rule 605(b), we must first determine whether defendant entered a negotiated or open guilty plea.

1-05-1353

v. Dunn, 342 Ill. App. 3d 872, 880 (2003), quoting People v. Diaz, 192 Ill. 2d 211, 225 (2000).

Here, contrary to defendant's position, we find that the record demonstrates that defendant entered into a negotiated guilty plea. Most significantly, at the guilty-plea hearing, defense counsel informed the court that there had been a Rule 402 conference and explained that "[p]ursuant to the 402 conference" defendant would plead guilty to the three criminal counts and would receive a prison term of nine and one half years. Immediately thereafter, the circuit court asked defendant if his counsel's explanation was his "understanding" and defendant replied affirmatively. See 177 Ill. 2d 402(b) (circuit court must confirm the terms of a plea agreement in open court).

Furthermore, defendant also signed a waiver of the presentence investigation report. See People v. Jennings, 364 Ill. App. 3d 473, 484 (2005) (waiver of presentence report appropriate only where parties agreed to a particular sentence). Moreover, when asked for aggravating and mitigating sentencing factors at the hearing, the State rested on the Rule 402 conference, and defense counsel rested on the Rule 402 conference and defendant's statement at the hearing. In addition, at the close of the hearing, the court explained that it sentenced defendant "[i]n accordance with the agreement," which amounted to the same terms explained by defense counsel. Specifically, the

1-05-1353

"(1) that the defendant has a right to
appeal;

(2) that prior to taking an appeal the
defendant must file in the trial court,
within 30 days of the date on which sentence
is imposed, a written motion asking to have
the judgment vacated and for leave to
withdraw the plea of guilty, setting forth
the grounds for the motion;

(3) that if the motion is allowed, the plea
of guilty, sentence and judgment will be
vacated and a trial date will be set on the
charges to which the plea of guilty was made;

(4) that upon request of the State any
charges that may have been dismissed as part
of a plea agreement will be reinstated and
will also be set for trial;

(5) that if the defendant is indigent, a copy
of the transcript of the proceedings at the
time of the defendant's plea of guilty and
sentence will be provided without cost to the
defendant and counsel will be appointed to
assist the defendant with the preparation of
the motions; and

1-05-1353

compliance with Rule 605(c)." <u>Gouqisha</u>, 347 Ill. App. 3d at 163.

Here, the record indisputably establishes that the circuit court failed to admonish defendant pursuant to subsections (3) and (4) of Rule 605(c), which detail the consequences of withdrawing a guilty plea. As we recognized in <u>Lloyd</u>, "it is not the precise wording used that is at issue [here], but the lack of any wording at all." <u>Lloyd</u>, 338 Ill. App. 3d at 385. Therefore, in accordance with <u>Lloyd</u> and <u>Gouqisha</u>, we find that the circuit court failed to substantially comply with Rule 605(c), excuse defendant's noncompliance with Rule 604(d), and remand for strict compliance with Rule 605(c).

The State's citation to <u>People v. Crump</u>, 344 Ill. App. 3d 558 (2003), does not alter our conclusion. In <u>Crump</u>, despite the circuit court's failure to admonish the defendant pursuant to subsection (6) of Rule 605(c), the court concluded that the defendant was substantially admonished and "was not prejudiced by the missing verbiage." <u>Crump</u>, 344 Ill. App. 3d at 563. However, unlike here, the defendant in <u>Crump</u> argued that the circuit court failed to admonish him pursuant to subsection (6) of Rule 605(c), which pertains to waiver of claims not brought in a motion to withdraw a guilty plea. <u>Crump</u>, 344 Ill. App. 3d at 563. Furthermore, although the <u>Crump</u> court cited our decision in <u>Lloyd</u> in its opinion, it did not discuss <u>Lloyd</u>'s ultimate holding. <u>Crump</u>, 344 Ill. App. 3d at 562-63. Ultimately, to any extent

1-05-1353

Finally, because we are remanding defendant's case for proper Rule 605(c) admonishments, we do not address defendant's alternative argument regarding the circuit court's treatment of his pleadings as a section 2-1401 petition.

For the foregoing reasons, we remand to the circuit court to properly admonishment defendant in accordance with Rule 605(c) within 30 days of the date our mandate is filed in the circuit court. See Gougisha, 347 Ill. App. 3d at 163 (remanding with directions).

Remanded with directions.

R. Gordon, J., with McBride, P.J. and Garćia, J., concurring.

**Motion for Leave to Amend (Doc. 63)**

In this motion, Plaintiff seeks to amend his Complaint to add a "claim" seeking a Writ of

Habeas Corpus. In the Court's August 22, 2006 Memorandum and Order, Chief Judge Murphy

dismissed Count II of Plaintiff's original Complaint, which alleged that Plaintiff was denied due

process of law when his good time credits were revoked following Plaintiff's disciplinary

proceeding for refusing to leave segregation. In the Memorandum and Order, Chief Judge Murphy

stated:

> [T]he proper method for challenging the revocation of good time credit is habeas
> corpus, but only after Plaintiff has exhausted his remedies through the Illinois state
> courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). The Illinois courts
> have recognized mandamus as an appropriate remedy to compel prison officials to
> award sentence credit to a prisoner. *See Turner-El v. West*, 811 N.E.2d 728, 733 (Ill.
> App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420
> N.E.2d 1203 (Ill. App. 1981)). The State of Illinois must first be afforded an
> opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 et seq., to
> consider the merits of Plaintiff's claim. Accordingly, this claim is dismissed without
> prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, *but
> only after he has exhausted his state court remedies*.

(Doc. 7 at 6-7) (emphasis in original). Of critical importance to the pending motion is the Court's

statement that "this claim is dismissed without prejudice to plaintiff brining his claims *in a properly*

*filed habeas corpus action . . .*" (Doc. 7 at 7) (emphasis supplied). If Plaintiff has exhausted his

administrative remedies on the claim that he wishes to amend his complaint with, he must bring that

claim in a properly filed habeas action---not this Section 1983 action. Accordingly, the Motion for

Leave to Amend (Doc. 63) is **DENIED**.

**Motion to Appoint Counsel (Doc. 65)**

In this motion, Plaintiff seeks appointment of counsel and states that he has a case with

merit, that he has tried to contact lawyers to represent him without success, that he has very limited

use of the law library, and that he is under a great deal of stress both because of the death of his son

*Attachment A*

**11903**

NO. _____

IN THE

## SUPREME COURT OF ILLINOIS

| | |
|---|---|
| Henry C. Hill, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) |
| | ) |
| Roy Bradford, Warden of Big Muddy | ) |
| River Correctional Center, | ) |
| | ) |
| Respondent | ) |

### MOTION BY PETITIONER FOR RELIEF
### UNDER SUPREME COURT RULE 381

**FILED**

JUL 2 7 2007

SUPREME COURT
CLERK

Henry C. Hill
Reg. No. B-62006
Big Muddy River Correctional Center
P. O. Box 900
Ina, Illinois 62846

Attachment B

NO. **M11903**

IN THE

SUPREME COURT OF ILLINOIS

Henry C. Hill,                          )
                                        )
    Petitioner                      )
                                        )
    v.                              )
                                        )
Roy Bradford, Warden of Big             )
Muddy River Correctional Center,        )
                                        )
    Respondent                      )

MOTION BY PETITIONER FOR RECONSIDERATION OF
THIS COURT'S ORDER ENTERED SEPTEMBER 14, 2007,
DENYING WITHOUT PREJUDICE THE MOTION FOR
RELIEF UNDER SUPREME COURT RULE 381

FILED

OCT 1 8 2007

SUPREME COURT
CLERK

Henry C. Hill
Reg. No. B-62006
Big Muddy River Correctional Center
P. O. Box 900
Ina, Illinois 62846

Attachment B

MEMORANDUM OF LAW


## INTRODUCTION

On July 27, 2007 Hill filed "Motin  By Petitioner For Relief
Under Supreme Court Rule 1    381.  On September 14, 2007 this
Court issue an ORDER "denied without prejudice".

## FACT(s)


Mr. Hill is in the custody of ILL. Dept. Of Corr./ Big Muddy River.
Mr.Hill was sentence in Cook County Court on August 6, 2004 to
9½ years IDOC, for the charges of Res.Bur. and PSMV., after he plead
guilty. On/or around November,2006 the ILL.App.CT. remanded Hill's
case to the trial court.  On May29, 2007 the trial court VACATED Hill's
sentence.  On the same date Hill plea "anew" to 9 years IDOC time
consider seved.  That in 2005 Hill LOSS GOOD TIME CREDIT while incarcerated
at Big Muddy River.


## ISSUE(s)


Whether Hill has claim for relief under rule 381 and has a claim
for MANDAMUS AND/OR HABBAS CORPUS-IMMEDIATE.  Whether the revokecation
of loss good time should be restored , after Hill's criminal case
is remanded by the ILL.APP.CT. and sentence VACATED by trial court, and
Hill plea anew to time consider served.


## LAW/DISCUSSION


This court having jusrisdiction both under U.S. Const. and ILL. Const.
and Supreme Court Rule 381.  " Where though the original imprison was
lawful, nevertheless, by some act, omission [,] or event which has
subsequently taken place the party has become entitle to be discharge ";
735 ILCS 5/10-124.

A loss of good time credit, does implicate a liberty interest because

such a loss potentially affects the length of Hill sentence.  As
such Hill does present a cognizable due process claim regarding good
time credit revoked in a prisoner disciplinary proceeding.  The
proper method for challenging the revocation of good timecredit is
Habeas Corpus, but only after prisoner has exhausted his remedies
though the ILLinois State Courts.(see Heckvws Humphey, 512 U.S. 477,
480-81 (1994)).

The ILL: Court have recognized as an appropriate remedy to compel
prison officials to award sentence credit to aprisoner. (see Turner vs
West, 811 N.E.2 728,733 (ILL.App.2004)).  Here, Hill file " Petition
For Mandamus " on November 2, 2006, in Jefferson County Court case #
06 - MR- 71.  The Court issue an order dismissing Hill's Petition
without an ppinion,(see EX. I ).  Hill file Motion to Vacate NON-OPINION
order the court never answer.  Hill attemped to appeal but couldnot
pay the fees and the appeal was not forward, (see EX.II).

Here, Hill states that he has a rare and chronic discaese name
" Mysthenia-Gravis ", (see EX. III ).  Hill did not received medication
for his illness from July,2004 to June, 2005 while housed at BigMuddy
River.  Hill disease require rest; without his medication Hill's
condiction worsen.  So, in an effort to treat himself of which is to
lay down in bed all , Hill was force to place himself in "segregation "
to get the adequate he need ed.  As the result of Hill's action  he
was disciplined for failure to comply with order to return to geeral
population.  Hill was disciplined with the lost loss good time,,
even though Hill informed the committee member that he needed his
medication,(EX.IV).

The disciplinary hearing leading to the loss of good time violated
due process in that the committee member never investigated and/or
allow the call of "witness and present documentary evidence", of
which was available to the committee by calling the health care at
Big Muddy River.  This violated Wolff vs McDonnell 94 S.Ct.2963.
Under these "EXTENUATING CICUMSTANCES " (Hill medical need) he should
had been given the full panoply requirement by the Wolff court; U.S. Cönst.
8 amendment violation.

Now, Hill turn to the main issue; an unwritten policy; whether the
loss of good time credit should berestored after Hill's criminal

case is remanded to the trial court, and sentence is vacated by the
trial court. On october 8, 2003 Hill was arrested and charge with three
NON-Violence crime. Hill was sentence on August 6, 2004, to 9½ years
IDOC. While in IDOC/BigMuddy River, Hill loss good time credit in
March,2005 to June,2005,(4month and 20 days). In/pr around November, 2006
the ILL.APP.CT. remanded Hill's case to the trial court. On May29,2007
the trial judge VACATED Hill 8/6/04 sentence. On May 29, 2007 Hill
plea anew to the same charges to 9 years IDOC time consider served,(EX. V).

That warden bradford and his agents (Bradfordis no longer warden) has
not, in fact refuss to RE-CALULATE Hill's time to refect the restoring
of loss good time. "in order to avoid an Ex post Facto violation in
in recalulating a prisoner sentence the potential for good time credit
must be taken into account", see McGee vs Snyder 760 N.E2 982.

The issue of restoring good time after a vacated sentence isclear.
However, IDOC unwritten policy on this issue is a violation of State
Law 5 ILCS 100/5-20; "but for an unwritten policy inmate would have been
entitle to award of good time credit" see Guzzo vs Snyder 762 N.E.2 664,
(see EX.VI). IDOC/WARDEN is also in violation of 730 ILCS 5/3-6-3;
under the and IDOC policy all NON-VIOLENCE offenders received 6 months
good time credit, of which Hill's 9 years sentence he would have to
do 4 years in prison. From arresst of 2003 to sentence 2007 is 4 years.
Warden has calulated Hill's out date (MSR) as August 10, 2008. (see EX. VII)

## CONCLUSION

Hill a Non-Lawyer with limited access to the law library , now relie
on this memorandum of law. For the above reason(s) Hill is entitle
to IMMEDIATE RELEASE, see Adcock vs Snyder 804 N.E.2 141 (2004).

September 21, 2007

Henry C.Hill b62006
P. O.Box 900
Ina, IL  62846

EXHIBIT one I

IN THE CIRCUIT COURT  OF JEFFERSON COUTY, ILLINOIS

CIVIL DIVISION

**FILED**
SECOND JUDICIAL COURT
NOV 02 2006
*Gene Balogjack*
CLERK OF CIRCUIT COURT
JEFFERSON COUNTY ILLINOIS

| | |
|---|---|
| Henry C.Hill an | ) |
| Inmate,#B-62006 | ) |
| | ) |
| -VS- | ) |
| Roy Bradford, Warden | ) |
| of Big Muddy Corr.Center | ) |

No. 06-MR-71

### PETITION FOR MANDAMUS

Now Comes, Henry C. Hill. by and through Pro-Se, and moves this Honorable Court for Order of Mandamus, Pursuant to ILL. Civnl Code 735 ILCS 5/14-l0l et. seq. directed to the above named defendant. And states the following:

1) That plaintiff is currently incarcerated at Big Muddy River Correctional Center, Ina, ILL., Jefferson County.

2) That plaintiff was convicted of residential burglary on August 6, 2004 and sentence to 9 and half years with pre-trial jail credit of 304 days.

3) That plaintiff has requested that defendant Bradford and his subordinate to perform specific ministerial duties; "not involving a discretionary decision-making process", of which plaintiff's clear entitlement, of restoring loss good-time credit.(See attachment)

4) That plaintiff has a rare and chronic disease named "Myasthenia-Gravis". Plaintiff lost good time credit with out Due Process for been sick.(See attachment)

5) That plaintiff defendant have refused to perform such duties regardless of plaintiff clear entitlement of performance of the specific duties which aee set forth herein as follows:

EX. 1

Plaintiff states that his medical condition requires adequate rest. Plaintiff states that because he was not receiving proper medical care, and because he was unable to get adequate rest while housed in the general population, he was "forced to place [himself] in segregation" to get the rest required to treat his condition. Plaintiff was disciplined for his failure to comply with orders to return to the general population. Exhibits attached to the complaint show that Plaintiff was found guilty of disobeying direct orders and violating prison rules on March 31, April 4, April 6, May 9, and June 6, 2005. He was disciplined with loss of good conduct credit, time in segregation, and demotion to c-grade status. Plaintiff states that the disciplinary hearings leading to these punishments violated due process in that Defendants Chapman and Butler never investigated his claims that he was being denied medical treatment as a justification for his refusal to leave segregation. Plaintiff states that Defendants Lambert and Walker approved the taking of good conduct credit.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must

EX. 1.

show at the outset that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Only after a plaintiff has stated such a deprivation will the Court conduct an analysis of whether the process he received was adequate. The Supreme Court has held that while a state may create a liberty interest, such state-created liberty interests are limited to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995).

In the instant case, Plaintiff was placed in disciplinary segregation. However, he has no protected liberty interest in remaining in general population. *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997) (70 days in segregation not atypical and significant hardship); *Wagner v. Hanks*, 128 F.3d 1173, 1175-76 (7th Cir. 1997) (rejecting claim that prisoner was improperly held one year in disciplinary confinement); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (six months in segregation not atypical and significant hardship). Plaintiff was also demoted to c-grade status; this deprivation also does not implicate a protected liberty interest. *See Thomas*, 130 F.3d at 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to c-grade status).

A loss of good time credit, however, does implicate a liberty interest because such a loss potentially affects the length of Plaintiff's sentence. As such, Plaintiff does present a cognizable due process claim regarding good time credit revoked in the disciplinary proceedings. However, the proper method for challenging the revocation of good time credit is habeas corpus, but only after

$EX. 1$

Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West*, 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq.*, to consider the merits of Plaintiff's claim.

EX. 1

6)  That as a result of defendant's actiOons, Mr. Hill will and have suffer irreparable damages and be subjected to during more time in prison then what the sentenceng Court ordered.  In short imposes atypical and significant hardship.

7)  That defendant and his subordinate are in violation of 730 ILCS 5/3-6-3 and 730 ILCS 5/3-5-1(b) also ILL. ADM. CODE 107.150. (SEE Hynes vs Snyder 823 N.E.2n 231)

Wherefore, Plaintiff Henry C. Hill, prays that this court will issue an Order of Mandamus compelling defendant Bradford to restore Mr. Hill's loss good time credit and all of his Statutory good-time. And any other relief the court deem just.

RESPECTFULLY SUBMITTED,

Henry C. Hill #B62006
P. O. Box 900
Ina, IL 62846

SIGNED BEFORE ME THIS

18 DAY OF OCTOBER 2006

NOTARY PUBLIC

"OFFICIAL SEAL"
Jennifer L. Wilson
Notary Public, State of Illinois
My Commission Exp. 07/31/2008

AFFIDAVIT

I, Henry C. Hill, being first duly sworn on oath, deposes and saysthat I am the plaintiff in the above Petition for Mandamus.  And that the information contain therein is true to the best of my knowlegde and all information base on belief I too believe it to be true and factual.

Henry C. Hill

EX. 1

# PARA-LEGS

ILL. Atty. Gen.                                                May 4, 2005
Lisa Madigan, ESQ.

    Dear Ms Midigan:

    I am Henry C. Hill, for over 20 years I've worked not only for Major Law Firms, City and County goverments, but through my own paralegal Service "Para-Legs" I've done work for the State of ILL. Unfortunately, my addiction to "Crack" has made ILL. Dept. of Corr. a revolving door.

    Please be advise, that sometime in 1977 while participating in/at a work-release program, I was diagnosis at Cook County Hospital with a rare & Chronic disease named "Myasthenia-Gravis". I war re-diagnosis with the same illness Sumtime in 1998 while incarcerated in "IDoc", at St. John's Memorial Hospital in Springfield, ILL.; "Myasthenia-Gravis" is a Neuromuscular disorder, it cause EXTREME Fatigue and Muscular weakness. It is a very Serious illness, there is no cure but it can be treated. It effect the/my Vision, Breathing & Swallowing.

    Now, while here at Big Muddy River Corr. Cta, since July, 2004 I have not been treated, by any medical professional. In an effort to treat myself of which is to lay down in bed all day. Therefore I took myself to "Seg", as the result of that action, I have lost 6 mos. of good time credit and a 'bout load' of "C" grade. I have been in "Seg" now for over 30 day. and still have not been seem by any medical personnal. Let this letter ervel as/as Notice Prior to any Legal action I may wish to take.

N 862(5)

                                      Sincerely, Henry C. Hill

arms into their sides, to cross their legs in a scissors-like fashion, or to toe walk from the ankle. Once the symptoms develop, laboratory tests may be required to exclude other disorders. If your child shows signs of mental retardation, blood tests may be needed to check for abnormalities in amino acid levels and other biochemical abnormalities.

### How Serious Is Cerebral Palsy?

Cerebral palsy is a chronic ailment that may require long-term care, but it is not life-threatening. The seriousness of the disorder depends on the amount of cerebral damage and can range from a speech disorder to mental retardation and a physical handicap. With special treatment, many children with cerebral palsy grow up to live long and productive lives.

### Treatment

The goal of treatment is to develop your child's maximal level of independence. Regular attendance at school is recommended if the symptoms are not too severe. Physical and occupational therapy may be needed (see page 480). Some children may require an orthopedic operation. Guidelines for treatment should be determined by your child's learning capacity and physical limitations. You will need guidance and help in understanding your child's disorder and future potential.

#### *Medication*

Your child's physician may prescribe medications to alleviate some symptoms. These may include muscle relaxants to ease muscle stiffness and anticonvulsants to reduce the seizures that some children experience.

### ✳✳✳ Myasthenia Gravis

#### Signs and Symptoms
- Facial muscle weakness (including drooping eyelids)
- Double vision
- Difficulty in breathing, talking, chewing, or swallowing
- Muscle weakness in the arms or legs

**Emergency Symptoms**—Increasing difficulty in breathing or swallowing

Myasthenia gravis is a chronic fluctuating disorder characterized by weakness and

### Torticollis

Torticollis is an intermittent or continuous spasm of the large muscles of the neck. It is usually more prominent on one side than the other. When the neck is in spasm, this may cause permanent turning or tipping of the head. Often, torticollis is worse when the individual sits, stands, or walks. Generally, this occurs in middle age, and women are affected more often than men.

rapid fatigue of your voluntary muscles. Muscle weakness develops gradually and may appear first in your face.

Myasthenia gravis is caused by a problem relating to the immune system. Antibodies that are normally formed to fight infection react instead against normal tissue. Most persons with myasthenia gravis also have abnormalities of the thymus gland, which is an organ that helps program the immune system early in life.

Myasthenia gravis is rare; in the United States, it develops in 1 of 20,000 persons, occurring most frequently in women between the ages of 20 and 40.

#### Diagnosis

The key symptom that will alert your physician to the possibility of myasthenia gravis is muscle weakness that improves with rest. Tests to confirm the diagnosis may include a neurologic examination (see page 460), electromyography (see page 1344), and a blood analysis for the presence of certain antibodies. After the strength of various muscles is tested, you may be given a drug called edrophonium. Improved muscle strength after taking this drug is suggestive of myasthenia gravis.

#### How Serious Is Myasthenia Gravis?

There is no cure for myasthenia gravis, but treatment can often lead to a remission. In a crisis phase of the illness, affected persons become so weak they need help breathing, but this effect rarely persists beyond a few weeks. With proper treatment, most can lead productive lives.

Pregnancy is possible for women with myasthenia gravis, although you should stay in close consultation with your physician.

#### Treatment

Plan activities to take advantage of your


Ex. I

energy peaks, and schedule daily rest periods. To relieve double vision, wear an eye patch. Stress also can worsen your condition, and you and your family will need to cooperate in minimizing your level of stress.

## Medication

Drugs may be prescribed to increase the amounts of nerve chemicals at the junctions of your nerves and muscles. Arrange to eat meals about 30 minutes after taking your medication to minimize chewing and swallowing difficulty. Medications such as prednisone also may be prescribed.

## Other Therapies

Plasmapheresis is a treatment in which the plasma component in your blood is removed and discarded because it contains antibodies that may contribute to your disease. Your blood cells along with other fluids that replace your plasma are returned to your body. This treatment may reduce the immune response and improve muscle strength temporarily.

## Surgery

In some cases, removal of the thymus gland may be recommended. This can lead to permanent improvement in symptoms.

# Infections

Infections can attack your central nervous system in several ways. They can be direct invasions by a virus or bacteria. They also can attack you indirectly when some minor condition, such as an ear infection or a case of measles, leads to a major infection of the nervous system. You also can be infected by bacterial toxins or certain tick bites.

These infections vary in seriousness. They may result in several days in bed, months of sickness with residual mental and physical impairment, or even death.

## Meningitis

### Signs and Symptoms
- Fever
- Severe headache
- Vomiting
- Confusion
- Seizures
- Progressive lethargy
- Drowsiness
- Stiff neck

### Emergency Symptoms
- Stupor
- Coma
- Convulsions

Acute bacterial meningitis is an infection and inflammation of your central nervous system that attacks the membranes (meninges) and cerebrospinal fluid surrounding your brain and spinal cord. Bacteria usually invade through the bloodstream, but direct spread to the brain or spine can occur.

Bacteria generally enter the blood as a result of infections in other parts of your body. The infection often starts in the respiratory system. Infection of the heart valves, bones, or other areas of the body also can spread to the meninges via the bloodstream. Infection also can occur by direct invasion of bacteria already localized near your central nervous system (for example, from an infected ear, sinus, nose, or even tooth).

Other less frequent causes for acute bacterial meningitis include epidural abscess and medical procedures such as lumbar puncture. Alcoholism, diabetes mellitus, drugs used for organ transplantation, and AIDS may make you more vulnerable to meningitis. In Lyme disease, there can be an inflammation of the lining of the brain from the organism that causes the disease.

The incidence of meningitis is 5 to 10 cases per 100,000 persons annually. About 70 percent of all cases occur in children younger than 5, but the disease can strike at any age.

Ex. A

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

Name: HILL, HENRY

IDOC Number: B62006

Race: BLK

Hearing Date/Time: 4/4/05  11:05 AM

Living Unit: BMR-S1-01-10

Orientation Status: N/A

Incident Number: 200501707/1 - BMR

Status: Final

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 4/1/05 | 200501707/1-BMR | CHILDERS, SHANE D | SEGREGATION 1 | 11:50 AM |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 403 | Disobeying A Direct Order | Guilty |
| 404 | Violation Of Rules | Guilty |
| | Comments:refused housing | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|--------------|-----------|--------------|----------------|

## RECORD OF PROCEEDINGS

guilty a month ago dr baker saw me and i am sick and no one will help me so i am staying in seg .

## BASIS FOR DECISION

based on the idr which states that the inmate did refuse his cell and unit assignment that was given to him upon his release from segregation and the inmate refused to leave seg. inmate admit that he did refuse to leave seg and did refuse his unit and room assignment at bmrcc. positive id  release to pop

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|-------------|-------|
| 2 Months C Grade | 2 Months C Grade |
| 3 Days  Segregation | 3 Days  Segregation |
| Revoke GCC or SGT 2 Months | Revoke GCC or SGT 2 Months |
| Other : rel to pop | Other : rel to pop |
| 1 Months Gym/Yard Restriction | 1 Months Gym/Yard Restriction |

## Signatures
### Hearing Committee

BUTLER, MAX H - Chair Person

Signature / Date                                    4-5-05        IND
Race

DAVISON, JACKIE J

Signature / Date                                                  WHI
Race

Recommended Action Approved

## Final Comments: N/A

GREGORY S LAMBERT / RB  4/5/05

**Chief Administrative Officer**                Signature            Date  4/8/05

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

**Employee Serving Copy to Committed Person**      When Served  - - Date and Time  5/9/05

EX. I

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

Name: HILL, HENRY

Hearing Date/Time: 3/31/05   12:48 PM

Incident Number: 200501640/1 - BMR

IDOC Number: B62006

Living Unit: BMR-S1-01-10

Status: Final

Race: BLK

Orientation Status: N/A

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 3/29/05 | 200501640/1-BMR | STEINMETZ, KENDRA L | R4 HOUSING UNIT | 12:40 PM |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 403 | Disobeying A Direct Order | Guilty |
| 404 | Violation Of Rules | Guilty |
| | Comments:refused housing | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|--------------|------------|--------------|----------------|

## RECORD OF PROCEEDINGS
Guilty, I was tired and needed rest.

## BASIS FOR DECISION
Base on report I/m refused to accept housing in R3 unit. I/m admits that he refused to moved to another unit that day. POs id made.4

## DISCIPLINARY ACTION   (Consecutive to any priors)

| RECOMMENDED | FINAL |
|-------------|-------|
| 1 Months C Grade | 1 Months C Grade |
| 4 Days  Segregation | 4 Days  Segregation |
| Revoke GCC or SGT 1 Months | Revoke GCC or SGT 1 Months |
| 1 Months Gym/Yard Restriction | 1 Months Gym/Yard Restriction |

### Signatures
**Hearing Committee**

CHAPMAN, TERRI D - Chair Person

Signature / Date _____ 4-4-05  WHI   Race

MONTES, CARMELO A

Signature / Date _____ 5Apr05   HSP   Race

Recommended Action Approved

## Final Comments: N/A

GREGORY S LAMBERT / GSL  4/4/05

**Chief Administrative Officer**

Signature _____ 4-4-05   Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

_____
**Employee Serving Copy to Committed Person**

4-5-05  2:00p
**When Served - - Date and Time**

EX. I

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** HILL, HENRY

**IDOC Number:** B62006

**Race:** BLK

**Hearing Date/Time:** 4/6/05   08:50 AM

**Living Unit:** BMR-S1-01-10

**Orientation Status:** N/A

**Incident Number:** 200501740/1 - BMR

**Status:** Final

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|-----------------|----------|------|
| 4/4/05 | 200501740/1-BMR | ABBOTT, STUART D | SEGREGATION 1 | 09:08 AM |

| Offense | Violation | Final Result |
|---------|-----------|-------------|
| 403 | Disobeying A Direct Order | Guilty |
| 404 | Violation Of Rules | Guilty |
|  | Comments: page 10 rule 4 | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|--------------|-----------|--------------|----------------|
| | | | |

## RECORD OF PROCEEDINGS

guilty i have medical problems that need quiet and rest.

## BASIS FOR DECISION

based on the idr which states that the inmate did refuse his cell and unit assignment at bmrcc and refuses several orders to leave segregation and accept his cell to which he refused. inmate does admit that he did refuse and that he will continue to refuse. positive id  rel to pop

## DISCIPLINARY ACTION   *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|-------------|-------|
| 2 Months C Grade | 2 Months C Grade |
| 1 Months Segregation | 1 Months Segregation |
| Revoke GCC or SGT 2 Months | Revoke GCC or SGT 2 Months |
| Other : rel to pop | Other : rel to pop |
| 1 Months Gym/Yard Restriction | 1 Months Gym/Yard Restriction |

### Signatures
**Hearing Committee**

BUTLER, MAX H  - Chair Person

_Signature / Date_    4-7-05    IND Race

LYNCH, RICHARD H

_Signature / Date_    4-7-05    WHI Race

Recommended Action Approved

## Final Comments: N/A

GREGORY S LAMBERT / GSL  4/6/05

**Chief Administrative Officer**

_Signature_    4/8/05    _Date_

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

4/9/05

**Employee Serving Copy to Committed Person**

**When Served - - Date and Time**

EX. I

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** HILL, HENRY
**IDOC Number:** B62006
**Race:** BLK

**Hearing Date/Time:** 5/9/05  10:35 AM
**Living Unit:** BMR-S1-01-31
**Orientation Status:** N/A

**Incident Number:** 200502205/1 - BMR
**Status:** Final

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 5/4/05 | 200502205/1-BMR | SERLES, TIMOTHY J | SEGREGATION 1 | 12:30 PM |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 404 | Violation Of Rules<br>*Comments:refused housing* | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|--------------|-----------|--------------|----------------|

## RECORD OF PROCEEDINGS
Guilty, I have a serious medical condition and haven't received the correct medical treatment, seg is the only place I can rest.

## BASIS FOR DECISION
Base on report I/m refused to accept housing in population. I/m admitted to the committee that he refused to go into population from segregation. 4th dr issued for housing refusal. Pos id made.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|-------------|-------|
| 1 Months C Grade | 1 Months C Grade |
| 1 Months Segregation | 1 Months Segregation |
| Revoke GCC or SGT 1 Months | Revoke GCC or SGT 1 Months |
| 1 Months Gym/Yard Restriction | 1 Months Gym/Yard Restriction |

## Signatures
Hearing Committee

| | | | Race |
|---|---|---|---|
| CHAPMAN, TERRI D - Chair Person | Signature / Date | 5/10/05 | WHI |
| LASH S, WILLIAM R | Signature / Date | 5/10/05 | BLK |

Recommended Action Approved

## Final Comments: N/A

GREGORY S LAMBERT / RB  5/9/05
Chief Administrative Officer

Gregory S. Lambert RB  5-10-05
Signature                    Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

5/12/05
Employee Serving Copy to Committed Person          When Served - - Date and Time

Run Date: 5/10/05 09:14:20
 EX. I

# STATE OF ILLINOIS – DEPARTMENT OF CORRECTIONS

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

| | | |
|---|---|---|
| Name: HILL, HENRY | IDOC Number: B62006 | Race: BLK |
| Hearing Date/Time: 6/6/05  12:11 PM | Living Unit: BMR-01-C-69 | Orientation Status: N/A |
| Incident Number: 200502704/1 - BMR | Status: Final | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 6/4/05 | 200502704/1-BMR | BROWN, MARK A | SEGREGATION 1 | 08:20 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 403 | Disobeying A Direct Order | Guilty |
| 404 | Violation Of Rules | Guilty |
| | Comments: refused housing | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

## RECORD OF PROCEEDINGS

guilty , i was sick  then two weeks ago the doctor wave me my meds and i am alright .

## BASIS FOR DECISION

based on the idr which states that the inmate did refuse to accept housing from segregation to unit 1c69 and  had no authority to do so and was not permitted to do so, and no enemies exist at bmrcc . inmate admit that he did refuse his unit and cell assignment due to being sick. positive id rel to pop

## DISCIPLINARY ACTION  (Consecutive to any priors)

| RECOMMENDED | FINAL |
|---|---|
| 3 Months C Grade | 3 Months C Grade |
| 2 Days  Segregation | 2 Days  Segregation |
| Revoke GCC or SGT 1 Months | Revoke GCC or SGT 1 Months |
| Other : rel to pop | Other : rel to pop |
| 1 Months Gym/Yard Restriction | 1 Months Gym/Yard Restriction |

### Signatures
### Hearing Committee

BUTLER, MAX H  - Chair Person

_Signature / Date_                    IND Race

LYNCH, RICHARD H

_Signature / Date_                    WHI Race

Recommended Action Approved

## Final Comments: N/A

GREGORY S LAMBERT / RB  6/6/05

**Chief Administrative Officer**

_Signature_          _Date_

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504; Subpart F.

**Employee Serving Copy to Committed Person**

**When Served - - Date and Time**

EX. II

EX. 1

ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

| Date: 6-9-05 | Committed Person: (Please Print) Henry Hill | | IDB: B62006 |
|---|---|---|---|
| Present Facility: Big Muddy River | | Facility where grievance issue occurred: Same | |

RECEIVED

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☑ Restoration of Good Time    ☐ Disability
☐ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☐ Other (specify) JUN 28 2005
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator

OFFICE OF INMATE ISSUES

☐ Disciplinary Report:  3 , 29 , 05    Big Muddy River
                        Date of Report    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
Administrative Officer.

Brief Summary of Grievance: That sometime in 1997 while participating in a work-
release program, I was diagnosed at Cook County Hospital with a
rare & chronic disease named "Myasthenia-Gravis" (see Exhibit A)
That while incarcerated at Mt. Sterling Corr. Ctr. in 1998 I was
re-diagnosiss with the same illness, at St. John's Memorial Hospital
in Springfield Ill. This illness cause Extreme Fatigue and Muscular
weakness; it effect my Vision, Breathing & Swallowing. While here at
"BMR" From July 2, 2005 to March 29, 2005, I seen at lease 4 doctors
and signed at lease 5 medical release forms. But never wur given
the medication that I need nor treated for my illness. (over-other side)

Relief Requested: Restoration of all my good Time and restored back to "A" grade.
And ~~proper~~ Medical treatment.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Henry Hill | B62006 | 6, 2D, 05 |
|---|---|---|
| Committed Person's Signature | IDB | Date |

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

Date Received: 6, 24, 05    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to
Administrative Review Board, P.O. Box 19277,
Springfield, IL 62794-9277

Response: You have several pending revocations of time
At this time we can submit you on 8/26/05
for rest of goodtime. You need to send me a
request at that time for request to restore time
on the 5/26/05 to DD.

| Cindy Guerretae | Cindy Guerretta | 6,24,05 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

### EMERGENCY REVIEW

Date Received: ___/___/___    Is this determined to be of an emergency nature?    ☐ Yes: expedite emergency grievance
☐ No; an emergency is not substantiated.
Committed person should submit this grievance
in the normal manner.

RECEIVED

JUL 18 2005

OFFICE OF
INMATE ISSUES Chief Administrative Officer's Signature    Date

EX. 1

DOC 0046 (Eff. 10/2001)
(Replaces DC 5657)

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE (Continued)**

9 months without my medication my illness took it's tolled. I was climping the top bunk, walking to show, climping the top deck (by stairs); choking on my foods, my eye lids had closed. In an effort to treat myself of which is to lay down in bed all day, I therefore took myself to "seg". As the result of that action, I spent over 60 days in "seg", lost 7 mos. of good time credit and "C" grade until 2006. On or about May 4, 2005 I wrote the Ill. Atty. Gen Lisa Madigan and "cc" to Warden Lambert. (See Exhibit B) On or about May 15, 2005 a Doctor came over to (Exc "seg") ask me two question. Soon after I was given the medication that I needed. At the 3-29-05 Committee hearing I told the chair person T. Chapman that I was sick, for that I lost 2 month good time credit. She Ms Chapman never investigated my claim. In total 5 disciplinary actions at each committee hearing I try to explain the serious of my diease; chair person Lt. M. Bulter never investigate my claim. He mr. Bulter took 5 month of good time credit. (See EX D, E, F, G and H.

To have spented over 60 in "seg" just to get medical Better and the lovee 7 months of good time and 'boat load' of "C" grade, is Excessive and cruel and unusual punishments.

This Grievance is related to disciplinary of:
4-1-05, 4-4-05, 5-4-05 and 6-4-05.

EX. 1

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 5/5/06 | Offender: (Please Print) Henry Hill | ID#: B62006 |
|---|---|---|

| Present Facility: STATEVILLE | Facility where grievance issue occurred: Big Muddy River |
|---|---|

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☑ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☐ Other (specify):

☐ Disciplinary Report: __3__, __29__, __05__        Big Muddy River
                              Date of Report                    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

Brief Summary of Grievance: That some time in 1997 while participating in a work-
release program; I was diagnosis with a rare and chronic disease named
"Myasthenia-Gravis. This disease cause Extreme Fatigue and muscular
weakness, it effect my breathing, swallowing and my Vision. That from
July 2, 2004 To March 29, 2005 I seen (4) Four doctors at BMR
and signed at least (5) Five medical release Forms. But was never given
the medication needed to treat my illness. Because this illness require
lots of rest, without my medication the only way to treat myself
is lay in bed all day. So in an effort to treat myself, I walk myself
to "seg". As the result of that I lost (2) two month Good-Time.

Relief Requested: I would like to be restored my good-time that was
taken at 20 days x 4 on 8/05/2005

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| (signature) Henry Hill | B62006 | 5, 5, 06 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date
Received: ___/___/___        ☐ Send directly to Grievance Officer        ☐ Outside jurisdiction of this facility. Send to
                                                                                                   Administrative Review Board, P.O. Box 19277,
                                                                                                   Springfield, IL 62794-9277

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

---

**EMERGENCY REVIEW**

Date
Received: ___/___/___        Is this determined to be of an emergency nature?
   ☐ Yes: expedite emergency grievance
   ☐ No; an emergency is not substantiated.
      Offender should submit this grievance
      in the normal manner.

**RECEIVED**

**MAY 12 2006**

**OFFICE OF**
**INMATE ISSUES**

Chief Administrative Officer's Signature

Date

Distribution: Master File; Offender                    Page 1                    DOC 0046 (Rev. 3/2005)

# PARA-LEGS

Lisa Madigan
Ill.Atty.Gen.
100 West Randolph st.
Chicago,Il.60601

Re;Big Muddy River C.C.
   Your File #2006-CRC-1257


     I am Henry C.Hill, An Inmate at Big Muddy River Correctional
Center. For over (25)-Year's I've worked as a Paralegal, Not only
for Major Law Firs, City & County Governments But through My own
Paralegal Firm "Para-Legs". I've done work for the State of Ill.
I have worked on Major Litigation that required Me to be Approved
for Top Seceret Clerance. Unfortunately My Addiction to "Crack Co-
caine" Has made I.D.O.C. a Revolving Door.

     Ms.Madigan, You should be aware that here at Big Muddy River
Correctional Center the Administration is Skillfully and Systemat-
ically Refrain from Restoring "Lost Good-Time". Not just in my ca-
se, But in 99% of all Inmates Here.

     In My situation, 80-Day's Good Time was taken from Me as the
result of Me trying to recieve the Medication I needed for a Chro-
nic Disease I suffer from. (See Attatched). Begining May 4th,2005
I wrote your Office (see Attatched). On/or about June 20th,2005.
I filed a Grievance asking that my lost Good-Time be Restored. On
August 26th,2005, I made another Request for My Lost Good-Time.
And Made Many more Request's and Never Recieved a Response to My
Request. On June 18th,2006, I spoke with Lt.Butler on this Issue,
He made false promises.

     Sometime, (in) As a matter of Fact On July 27th,2006, I was
Lucky enough to speak face to face with Assistant Warden Hillard
on this Issue of Restoring My Lost Good-Time. He wrote Me (2) no-
tes. (see Attatched). In an Effort to follow His Suggestion I
wrote Mr.Eubanks, Two times; I saw Mr.Eubanks and Mentioned that
I had been Communicating with Assistant Warden Hillard, that so

-1-

EX.1

Angered Him, He would not speak further with Me, He Stormed away.
That happened on August 3rd. 2006 at 2:50pm.

Ms, Madigan, I am familiar with 730 ILCS 5/3-6-3, 20 Ill.Adm. Code § 107.150 et.al... And Related Laws and Rules on this Issue See Hynes V. Snyder, 822 N.E.(2)231.

Ms Madigan, If I'm Given the 80-Day's that I lost Unlawfully I then can recieve all of My Statutory Good-Time of which will allow Me to go Home on January 2nd. 2008.

Thus, In the name of Justice, I ask that You "Please" Intervene in this matter, Of which will allow Me to Return back to Society; As I was once a Productive Member. I too ask for Judicial Intervention.

"Thank You Kindly in Advance"!!

Sincerely Your's                    8/18/06

Henry C. Hill #B-62006
Big Muddy River Correctional Center
P.O. Box-900
Ina, Il.
     62846-0900

cc: Honorable Ruben Castillo
    Honorable Joan B. Gottschall
    Honorable P. Scott Neville

EX. 1

## MEMORANDUM

To: AWU Hillard
From: Henry Hill # B62006
Date: July 27, 2006
RE: Good-Time & Meeting with you

    Warden Hillard, you and I spoke today while you were in the gym. Sir, you left me with the impression that you are a fair, reasonable and genuine human being, and that's a trait of which is rare for someone in your place of authority. (I DOC staff)

    Now, my situation of loosing 80 days good-time as the result of trying to treat a medical condiction is not all that complex, but it is rare. In an effort to restore that amount of time, so that I may receive all of my statutory good-time before 1/2/08, may require some one going the extra mile for me.

    With that, I'm asking that you, after reading the attach of which will give you a better understanding of my character, can I please have a meeting with you in your office at your best time.

    Thank-you in advance, Look forward to sitting down with you.

                     H. Hill # B62006
                          1 B 19

**From the Desk of**

~~Julius C. Flagg~~
Assistant Warden / Operations

R. HILLIARD

**Illinois**
Department of
**Corrections**

Big Muddy River Correctional Center  251 North Highway 37, P.O. Box 1000, Ina, IL 62846  Telephone: (618) 437-5300

7/28/06

Idill, I check your record & here is what you need to do. Request meeting with Counselor Eubanks & have him submit you for good time. According to your record you met with Counselor Eubanks on 6-21-06 & discussed GTR process & criteria. On 11-19-06 you requested good time but were in C grade until 3/8/06, so go ahead & apply. A/W Hilliard

EX. I 

From the Desk of

~~John Crayton~~
Assistant Warden / Operations

R. HILLIARD



Big Muddy River Correctional Center  251 North Highway 37, P.O. Box 1000, Ina, IL 62846  Telephone: (618) 437-5300

8/1/06

Hill, I will try & help get some good time back. In only comes 15 to 30 days at a time. Don't think you are going to get it back at one time.

You need to be in A grade no tickets for at least 1 yr.

Then request a meeting with your counselor & ask him to submit you for good time. It takes 2-3 weeks to get answer from Springfield so you need to contact your counselor again to get results of your request for good time.

EX. I



From the Desk of

**Julius C. Flagg**
Assistant Warden / Operations

# Illinois
## Department of
# Corrections

Big Muddy River Correctional Center  251 North Highway 37,  P.O. Box 1000,  Ina, IL 62846  Telephone: (618) 437-5300

your transcript is very
impressive.
          I will try & get
your time back in small
amounts, however, you will
need to work with me and
your counselor.

                    A/W Hilliard

on 8/2/06 wrote a second request to
Mr. Eubanks asking for a meeting, RE: Good-time;
cc: to A/W Hilliard.

EX I

STATE OF ILLINOIS - DEPARTMENT OF CORRECTIONS

RESIDENT REQUEST

DC7177
IL1426-0432

ASSIGNMENT: Porter                                    DATE: 8/2/05

NAME: HILL, HENRY     NUM: B62006   HSE: 1   GAL: B   CELL: 17

I REQUEST AN INTERVIEW WITH Mr Eubanks     TO DISCUSS THE FOLLOWING
This is the second request I have made to you
Regarding a meeting with you for A/w Hilliard
advise. May I Please meet face to face/sit
down with you "ASAP" Thanks in advance.

REASON FOR INTERVIEW MUST
BE COMPLETE AND CONSISE          RESIDENT SIGNATURE: [signature]

cc: A/w Hilliard

RE: P/time in for Good-Time

8/2/04

Hill, according to Counselor Eubanks &
put your in wait 3 weeks from (8-3-06) & request
deposits on good time

A/w Williams

EX.1

August 8, 2006


Mr. Hilliard

As, I said today; On August 3, 2006 at 2;50pm I saw Mr.
Eubanks on the wing and when I told him that I had been
communicating with you about my Good Time; he was so angered,
he said "don't tell me about going over my head" "he's
only warden of secrity" and then Mr. Eubanks storm away.

Mr. Hilliard, Iam not, I do not, want to cause any problem.
Ijust want go home on time, as you are aware I was once
a productive member of society, I would like to go back
and bound back.


                              HENRY C. HILL # B62006


EX. I

8/17/06

Hog - and Counselor Edwards
gave put you in for special trim?
Let me know

A/W Kelliward

EX.1

DC7177
IL426-0432

STATE OF ILLINOIS - DEPARTMENT OF CORRECTIONS

RESIDENT REQUEST

ASSIGNMENT: Porter　　　　　　　　　　　　　　　　DATE: 8/15/06

NAME: HILL, HENRY　　NUM: B62006　HSE: 1　GAL: B　CELL: 19

I REQUEST AN INTERVIEW WITH Mr. Eubanks　　　TO DISCUSS THE FOLLOWING

Please, will you let me know if you did or did not in fact put me in for the restoration of my lost Good. This will be the 4th request I have made to you and you have not responde to any of my request.

RESIDENT SIGNATURE: [signature]

REASON FOR INTERVIEW MUST BE COMPLETE AND CONSISE

C.C. A/w Hillard

8/29/06
Mr. Eubanks
came to my cell
door to see my cell/r
I ask if he could t[?]
me if he put me in
For Good-time he said
"You should write your request a little niter"

EX. 1

DC7177
IL426-0432

STATE OF ILLINOIS - DEPARTMENT OF CORRECTIONS

RESIDENT REQUEST

ASSIGNMENT: Porter

NAME: HILL, HENRY    | NUM: B62006 | HSE: 1 | GAL: B

DATE: 8/29/06

CELL: 19

I REQUEST AN INTERVIEW WITH A/W Hilliard ___ TO DISCUSS THE FOLLOWING

I saw Mr. Eubanks today while he was at my cell door speaking
to my cell mate. After they were through talking I said "Mr. Eubanks
could you please tell me if you put me in for good- I wrote you several
request" His response was "You should write your request a little nicer".

RESIDENT SIGNATURE: ___

REASON FOR INTERVIEW MUST
BE COMPLETE AND CONSISE

He never answered my question. Mr. Hilliard
as you know ever request I send mr. Eubanks
I also cc; you the same. Mr. Hilliard I
Just want to go home on time.

THANKS for your support.

CC: counselor Eubanks

EX. 1

TO: Warden Roy Bradford

FROM: Henry Hill # B62006

Date: 10/17/06

RE: restored Loos Good-Time

Warden Bradfoed, on & 10/12/06, I saw you in the gym and spoke with
you about restoring my loss good time credit.

As I told you , 80 day was taken for the refuser of housing , at a
time when I was very sick, and had not received the medcation needed
to treat my chronic disease.  Warden you told me base om "your policy"
I would not get that time back.

Mr. Bradford, I'm asking that you Please take a closer look at the
fact of my situation and reconsider.


thanks.

EXHIBIT TWO II

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
JEFFERSON COUNTY, ILLINOIS

HENRY HILL, B-62006         )

       Plaintiff,        )

v.                 )    No. 06-MR-71

ROY D. BRADFORD,      )

       Defendants.    )

**FILED**
SECOND JUDICIAL COURT
MAR 19 2007
CLERK OF CIRCUIT COURT
JEFFERSON COUNTY ILLINOIS

## O R D E R

This cause coming before the Court on defendant's motion to dismiss, and the Court being fully advised in the premises,

IT IS THEREFORE ORDERED that defendant's motion to dismiss is GRANTED. Plaintiff's case is terminated, parties to bear their own costs.

DATE: _3-19.07_        JUDGE: _Terry H. Hamber_

**THE DATE STAMPED HERETO IS THE FILING DATE FOR THIS ORDER.**

EX. II

EXHIBIT Three III

*Put in*
*mail 3/34/*

IN THE CIRCUIT COURT OF JEFFERSON COUTY, ILLINOIS

CIVIL DIVISION

*EX. III*

Henry C.Hill an                          )
Inmate,#B-62006                          )
                                         )
                                         )
     -VS-                                )        No. 06-MR-71
Roy Bradford, Warden                     )
of Big Muddy Corr.Center                 )

## PLAINTIFF'S MOTION TO VACATE ORDER OF MARCH 19, 2007

Now Comes, Henry Hill, by and through Pro-Se and moves this Honorable Court To Vacate its Order of March 19, 2007. Pursuant to code of civil Procedure. And states the following:

1) That on November 2,2007 Hill filed a Pro-Se Petition for Mandumus.

2) That after service of Process on Defendant; the office of Ill.Atty.Gen. file Motion To Dismiss.

3) That on/or about Janurary 10, 2007 plaintiff filed an amended petition for Mandumus.

4) That Plaintiff is a non-lawyer, his failure to reply should not be viewed as an admitted fact in Defendant's Motion to Dismiss.

5) That this court issued its Order of March 19, 2007, Granding Defendant's Motion ToDismiss; without an opinion.

6) That while a mandamus is an "extraordinary remedy" Plaintiff here has a undisputable right to expect Def. to perform it duty to the fullest including investigating the prisoner claim of defense; of which would allow the call of witness and present documemtary evidence, this did not happen at Hill disciplinary proceeding(s).see Wolff v Mc Donnell 94 S.Ct. 2963.

7) That the Finder of Fact "refuseal to exercise discretion" in a case that "evidence of extenuating circumstance" may "give rise to a claim for Mandamus" see Howell v Snyder 760 N.E.[2] 1009.

8) That this court non-opinion order should be vacate and a hearing and/or augement is warrant; whereby the court may look the totality of circumstances. In the Alterntive Plaintiff should allow to reply.

                    Wherefore, Henry Hill prays that
                this court will vacate its Order of March
                    19, 2007.

EX. III

3/30/07

RESPECTFULLY SUBMITTED,

HENRY BILL b62006
P. O. BOX 900
INA, ILL. 62846

EXHIBIT four IV

*EX. IV*

# John Scott
### CLERK OF THE CIRCUIT COURT
Second Judicial Court
Jefferson County
P.O. BOX 1266
MT. VERNON, IL 62864

**DEPUTIES**
SAUNDRA HARRIS
DIANA RILEY
BARBARA MACE

**CIVIL DIVISION – L – MC – CH – P**
PEGGY WILSON

**COURT SETTINGS – BOOKKEEPER**
DIANA RILEY

**SMALL CLAIMS – LM – MR**
CHARLOTTE MODLIN

APRIL 3, 2007

**CHILD SUPPORT**
DONNA KEELE

**TRAFFIC**
WENDY PETERSON
DEBRA DEES
STACY DEICHMAN-COLE

**JUVENILE**
SAUNDRA HARRIS

**CRIMINAL**
BARBARA MACE

Phone (618) 244-8008
FAX (618) 244-8029

HENRY HILL
# B62006
BIG MUDDY CORR CNT
P.O BOX 900
INA, ILL  62846


HENRY HILL  -vs- ROY BRADFORD
# 06-MR-71


DEAR MR HILL

YOU HAVE FILED A NOTICE OF APPEAL IN THE ABOVE CASE & SINCE THIS IS A CIVIL APPEAL

THERE IS A FEE OF  $60.00 DUE ON OR ABOUT THE  12th day of JUNE, 2007


<u>IF THIS FEE IS NOT PAID THIS RECORD WILL NOT BE TRANSMITED TO THE APPELLATE COURT</u>


VERY TRULY YOURS,

CLERK OF THE CIRCUIT COURT

By:Saundra R Harris/Deputy

CC: File
   HONORABLE LOU COSTA

*EX. IV*

# John Scott
CLERK OF THE CIRCUIT COURT
Second Judicial Court
Jefferson County
P.O. BOX 1266
MT. VERNON, IL 62864

**DEPUTIES**
SAUNDRA HARRIS
DIANA RILEY
BARBARA MACE

MAY 22, 2007

**CHILD SUPPORT**
DONNA KEELE

**CIVIL DIVISION – L – MC – CH – P**
PEGGY WILSON

**TRAFFIC**
WENDY PETERSON
DEBRA DEES
STACY DEICHMAN-COLE

**COURT SETTINGS – BOOKKEEPER**
DIANA RILEY

**JUVENILE**
SAUNDRA HARRIS

**SMALL CLAIMS – LM – MR**
CHARLOTTE MODLIN

**CRIMINAL**
BARBARA MACE

Phone (618) 244-8008
FAX (618) 244-8029

HENRY HILL
# 20070029702
P.O BOX 089002
CHICAGO, ILL    60608

RE: HENRY HILL —vs— ROY BRADFORD ET AL    # 06-MR-71

APPELALTE # 5-07-0177

DEAR MR HILL

AS YOU KNOW YOU HAVE FILED A APPEAL IN THE ABOVE CASE THERE IS A FEE

OF $ ~~75.00~~ 60.00 DUE FOR THIS RECORD TO BE TRANSMITTED TO THE APPELLATE COURT

AS THIS IS A CIVIL APPEAL & YOU CANNOT RECEIVE THIS FREE OF CHARGE

PLEASE REMIT THE ABOVE FEE ON OR BEFORE THE  4TH DAY OF JUNE OR THIS RECORD

WILL NOT BE TRANSMITTED TO THE APPELALTE COURT.

PLEASE SEND A MONEY ORDER CASHIER'S CHECK OR BANK DRAFT AS WE CANNOT ACCEPT

A PERSONAL CHECK.

VERY TRULY YOURS,

CLERK OF THE CIRCUIT COURT

By: Saundra R Harris

EXHIBIT  Five  V

EX. V

**Order**                    CCG N002-300M-2/24/05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

People of the State of Illinois

v.

Henry Hill

No. 03 CR 25415-7

**ENTERED**
JUDGE DAVID P. STERBA - 1729

MAY 29 2007

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

**ORDER**

This cause coming on to be heard on remand from the Appellate Court, all parties being present and having jurisdiction to the court.

It Is Hereby Ordered that:

The prior plea to 9½ years IDOC is vacated and Mr. Hill after pleading anew to the same charges shall serve a sentence of 9 years, with credit for 1,329 days time considered served, actually served. concurrent

| | |
|---|---|
| Atty. No.: 30295 | **ENTERED:** |
| Name: FRED WEIL APD. | |
| Atty. for: Henry Hill | Dated: May 29, 2007 |
| Address: 69 W. Washington | |
| City/State/Zip: Chicago, IL. 60602 | |
| Telephone: 312-663-0600 | Judge                    Judge's No. |

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

EX. 5

IN THE CIRCUIT COURT OF COOK COUNTY

PEOPLE OF THE STATE OF ILLINOIS ).
                                 )
            V.                   )
                                 )
HENRY    HILL                    )
Defendant

CASE NUMBER       03CR2541501
DATE OF BIRTH     09/05/57
DATE OF ARREST    10/08/03
IR NUMBER _____  SID NUMBER IL1736232

## ORDER OF COMMITMENT AND SENTENCE TO
## ILLINOIS DEPARTMENT OF CORRECTIONS
=============================================

The above named defendant having been adjudged guilty of the offense(s) enumerated below
is hereby sentenced to the Illinois Department of Corrections as follows:

| Count | Statutory Citation | Offense | Sentence | | Class |
|---|---|---|---|---|---|
| | | | YRS. | MOS. | |
| 001 | 720-5/19-3 | RESIDENTIAL BURGLARY | YRS. 009 | MOS. 00 | 1 |

and said sentence shall run concurrent with count(s) ___ ___ ___ ___

____ and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: ____    YRS. ___ MOS. ___

____ and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: ____    YRS. ___ MOS. ___

____ and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: ____    YRS. ___ MOS. ___

____ and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: ____    YRS. ___ MOS. ___

On Count ___ defendant having been convicted of a class ___ offense is sentenced as
a class x offender pursuant TO 730 ILCS 5/5-5-3(C)(8).

On Count ___ defendant is sentenced to an extended term pursuant to 730 ILCS 5/5-8-2.

The Court finds that the defendant is entitled to receive credit for time actually served
in custody for a total credit of 1,339 days as of the date of this order

IT IS FURTHER ORDERED that the above sentence(s) be concurrent with
the sentence imposed in case number(s) 03CR2541601  03CR2541701 _____
AND: consecutive to the sentence imposed under case number(s) _____

IT IS FURTHER ORDERED THAT _____

IT IS FURTHER ORDERED that the Clerk provide the Sheriff of Cook County with a copy of this Order and that the Sheriff
take the defendant into custody and deliver him/her to the Illinois Department of Corrections and that the Department take
him/her into custody and confine him/her in a manner provided by law until the above sentence is fulfilled.

DATED _____ MAY 29, 2007

CERTIFIED BY _____ /S.B.
              DEPUTY CLERK

ENTER: 05/29/07

JUDGE: STERBA, DAVID P.            1729

CCG N305

BGP2 05/29/07 12:13:32

EX. 5

IN THE CIRCUIT COURT OF COOK COUNTY

PEOPLE OF THE STATE OF ILLINOIS )
V. )
HENRY    HILL )
Defendant

CASE NUMBER        03CR2541601
DATE OF BIRTH      09/05/57
DATE OF ARREST     10/08/03
IR NUMBER _____ SID NUMBER IL1736232

## ORDER OF COMMITMENT AND SENTENCE TO
## ILLINOIS DEPARTMENT OF CORRECTIONS

The above named defendant having been adjudged guilty of the offense(s) enumerated below is hereby sentenced to the Illinois Department of Corrections as follows:

| Count | Statutory Citation | Offense | Sentence | | Class |
|---|---|---|---|---|---|
| 001 | 625-5/4-103(A)(1) | RECEIVE/POSS/SELL STOLEN VEH | YRS. 009 | MOS.00 | 2 |

and said sentence shall run concurrent with count(s) ___ ___ ___ ___

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: ___ YRS. ___ MOS. ___

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: ___ YRS. ___ MOS. ___

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: ___ YRS. ___ MOS. ___

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: ___ YRS. ___ MOS. ___

On Count ___ defendant having been convicted of a class ___ offense is sentenced as a class x offender pursuant TO 730 ILCS 5/5-5-3(C)(8).

On Count ___ defendant is sentenced to an extended term pursuant to 730 ILCS 5/5-8-2.

The Court finds that the defendant is entitled to receive credit for time actually served in custody for a total credit of 1329 days as of the date of this order

IT IS FURTHER ORDERED that the above sentence(s) be concurrent with the sentence imposed in case number(s) 03CR2541501  03CR2541701 _____ AND: consecutive to the sentence imposed under case number(s) _____

IT IS FURTHER ORDERED THAT _____

IT IS FURTHER ORDERED that the Clerk provide the Sheriff of Cook County with a copy of this Order and that the Sheriff take the defendant into custody and deliver him/her to the Illinois Department of Corrections and that the Department take him/her into custody and confine him/her in a manner provided by law until the above sentence is fulfilled.

DATED    MAY 29, 2007

CERTIFIED BY _____ /SB
DEPUTY CLERK

ENTER: 05/29/07

JUDGE: STERBA, DAVID P.        1729

BGP2 05/29/07 12:07:22        CCG N305

EX. V
5

IN THE CIRCUIT COURT OF COOK COUNTY

PEOPLE OF THE STATE OF ILLINOIS )
                          V.      )
                                  )
HENRY     HILL                    )
Defendant

CASE NUMBER    03CR2541701
DATE OF BIRTH  09/05/57
DATE OF ARREST 10/08/03
IR NUMBER _____ SID NUMBER IL1736232

## ORDER OF COMMITMENT AND SENTENCE TO
## ILLINOIS DEPARTMENT OF CORRECTIONS

The above named defendant having been adjudged guilty of the offense(s) enumerated below is hereby sentenced to the Illinois Department of Corrections as follows:

| Count | Statutory Citation | Offense | Sentence | | Class |
|---|---|---|---|---|---|
| 001 | 720-5/19-3 | RESIDENTIAL BURGLARY | YRS. 009 | MOS.00 | 1 |

and said sentence shall run concurrent with count(s) ___ ___ ___ ___

YRS. ___ MOS. ___ ___

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

YRS. ___ MOS. ___ ___

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

YRS. ___ MOS. ___ ___

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

YRS. ___ MOS. ___ ___

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

On Count ___ defendant having been convicted of a class _ offense is sentenced as a class x offender pursuant TO 730 ILCS 5/5-5-3(C)(8).

On Count ___ defendant is sentenced to an extended term pursuant to 730 ILCS 5/5-8-2.

The Court finds that the defendant is entitled to receive credit for time actually served in custody for a total credit of _1329_ days as of the date of this order

IT IS FURTHER ORDERED that the above sentence(s) be concurrent with the sentence imposed in case number(s) 03CR2541501 03CR2541601 _____ AND: consecutive to the sentence imposed under case number(s) _____

IT IS FURTHER ORDERED THAT _____

IT IS FURTHER ORDERED that the Clerk provide the Sheriff of Cook County with a copy of this Order and that the Sheriff take the defendant into custody and deliver him/her to the Illinois Department of Corrections and that the Department take him/her into custody and confine him/her in a manner provided by law until the above sentence is fulfilled.

DATED ____ MAY 29, 2007

CERTIFIED BY _____ /SB
              DEPUTY CLERK

ENTER: 05/29/07

JUDGE: STERBA, DAVID P.          1729

BGP2 05/29/07 12:08:59                          CCG N305

EXHIBIT SiX VI





Law Office of the
**COOK COUNTY PUBLIC DEFENDER**
69 W. WASHINGTON • 15TH FLOOR • CHICAGO, IL 60602 • (312)603-0600

Edwin A. Burnette • Public Defender

July 9, 2007

Mr. Henry Hill
Reg. No. B-62006
Big Muddy Corr. Ctr.
251 N. Illinois Highway 37
P.O.Box 1000
Ina, IL 62846-1000

Re:    **Case No. 03 CR 25415-7**

Dear Mr. Hill:

Unfortunately, I received some bad news from the Assistant Chief Deputy Counsel for IDOC, Ms. Rachel McKinzie. As you recall from my last letter, the Supervisor of Records at Big Muddy, Arnie Van Zandt, told me that IDOC policy is that if one remains in IDOC custody while receiving a sentence reduction, even if the old sentence is vacated, then all that occurred while serving the old sentence remains intact - lost good time remains lost. He said that, on the other hand, if, for example, one was remanded back to the trial court by the appellate court with instructions to vacate a sentence and that person is temporarily out of IDOC custody before being resentenced, then everything would start over and the defendant would not have any lost good time credit. In your case, you never left IDOC custody, so your lost good time would not be reinstated.

I have since talked with Ms. McKinzie. When I first spoke with her about your situation, she was not aware of what IDOC policy was regarding a resentence and lost good time. She said she would look into it and get back to me. Ms. McKinzie called back and informed me that Mr. Van Zandt was incorrect and the lieutenant you spoke with was incorrect. She told me that as long as someone is coming back to IDOC on the same case or cases, then all good time or lost good time remains the same. It is the case that is relevant, not whether one was remanded to the sheriff's custody or was out of IDOC custody. And it is not whether the prior sentence was vacated and a new one entered that is of any import. It is simply whether one is coming back with a sentence on the same case as the one for which he was previously incarcerated. This does make sense, after all, if one is entitled to all the good time and credit previously earned, should

not he have to be responsible for his lost time as well?

Obviously, what this means in your case is, since you were resentenced on the same cases as you were previously being held on, that you must suffer the prior loss of good time. I am sorry that this is IDOC's policy. Regardless, I will still discuss all this with Judge Sterba when I appear before him on July 12, 2007. Maybe there is another solution to the problem. If you have any questions, please call me collect at 312-603-0600. Take care.

Sincerely,

**FREDERICK WEIL**
Assistant Public Defender

EXHIBIT Seven VII

*EX. VII*

01.07.421A-J

## SENTENCE CALCULATION WORK SHEET

## SINGLE OR CONCURRENT DETERMINATE SENTENCES UNDER 1978 LAW AND JAIL CREDIT

NAME ___Hill___   NUMBER ___B62006___ DATE ___6-10-07___

**(STEP 1) (A)**

Yr.   Mo.   Day

|         |     |                      |
|---------|-----|----------------------|
|         |     | (Rel. on Bond, Etc.) |
|         |     | (Arrest Date)        |
|         |     | (Jail Credits)       |
|         | 1   | (Add 1 Day)          |
|         |     | (Jail Credits)       |

**(STEP 1) (B)**

Yr.   Mo.   Day

|         |     |                      |
|---------|-----|----------------------|
|         |     | (Rel. on Bond, Etc.) |
|         |     | (Arrest Date)        |
|         |     | (Jail Credits)       |
|         | 1   | (Add 1 Day)          |
|         |     | (Jail Credits)       |

**(STEP 1) (C)**

Yr.   Mo.   Day

|         |     |                      |
|---------|-----|----------------------|
|         |     | (Rel. on Bond, Etc.) |
|         |     | (Arrest Date         |
|         |     | (Jail Credits)       |
|         | 1   | (Add 1 Day)          |
|         |     | (Jail Credits)       |

**(STEP 1) (D)**

Yr.   Mo.   Day

|         |     |                      |
|---------|-----|----------------------|
|         |     | (Rel. on Bond, Etc.) |
|         |     | (Arrest Date)        |
|         |     | (Jail Credits)       |
|         | 1   | (Add 1 Day)          |
|         |     | (Jail Credits)       |

**(STEP 2)**

Yr.   Mo.   Day

|     |         |        |                       |
|-----|---------|--------|-----------------------|
| +   |         |        | (Jail Credits - A)    |
| +   |         |        | (Jail Credits - B)    |
| +   |         |        | (Jail Credits - C)    |
| +   |         | 1,329  | (Jail Credits - D)    |
|     |         |        | (Total Jail Credits)  |

**(STEP 3)**

Yr.   Mo.   Day

|     |     |      |     |                           |
|-----|-----|------|-----|---------------------------|
|     | 07  | 5    | 29  | (Old Custody/Sentence Date) |
| -   | 3   | 8    | 9   | (Total Jail Credits)      |
|     | 03  | 9    | 20  | (New Custody Date)        |

**(STEP 4) (MITTIMUS NO. _B3CR254 15/12_ )**

PROJECTED OUT DATE

Yr.   Mo.   Day

|      |     |     |     |                                  |
|------|-----|-----|-----|----------------------------------|
|      | 03  | 9   | 20  | (New Custody Date)               |
| +    |     | 4   | 6   | (Sentence Less Good Conduct Credits) |
| +or- | 08  | 3   | 20  | (Projected Out Date)             |
|      |     | 4   | 20  | (Previous Time Lost/Awarded)     |
|      | 08  | 8   | 10  | (Adj. Proj. Out Date)            |

**(STEP 5)**

MANDATORY OUT DATE

Yr.   Mo.   Day

|     |     |     |     |                      |
|-----|-----|-----|-----|----------------------|
|     | 03  | 9   | 20  | (New Custody Date)   |
| +   | 9   |     |     | (Sentence)           |
|     | 12  | 9   | 20  | (Mandatory Out Date) |

Proj. Out Date ___8-10-08___
Mandatory Out Date ___9-20-12___
Calculated By _____

Terminal Operator _____
Date Entered _____

*Reduced Sentence to 9 yrs with 1,329 days credit.*
*FV*

321
26-0521