IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

F I L E D
2-26-2008
FEB 2 6 2008
MB
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Henry C. Hill, an inmate #B62006 )
)
)
vs )
)
) 08CV1178
Roger Walker, Jonh Evans, ) JUDGE GUZMAN
Mike Sanders, Richard Lynch, ) MAGISTRATE JUDGE MASON
Ernie Van Zandt, )

**EMERGENCY PRELINARY INJUNCTION IMMEDIATE RELEASE**
PETITIONER FOR HABEAS CORPUS - IMMEDIATE RELEASE
PUSUANT TO 28 § 2254(a)(A) (ii)

NOw comes, Henry Hill, by and through Pro se.

1) Henry Hill is in State coutody, IDOC, housed at Big Muddy River, *Ina, Ill.*

2) Hill, was sentenced in/or around August, 2004 to 9½ years, on three non violence charges. In Cook County Court; Judge Sterba. *Class X,*

3) Hill, while as BMR loss good time credit at a disiplinary hearing, *2005* without Due Process. 14th Amendment violation and Wolf v McDonnell *Violation.*

4) That in / or around November, 2006 the Ill. App. ct. First Dist. remanded Hill's criminal case to the trial Judge. Trial Judge vacated Hill's sentence. (see Attached)

5) That on May 29, 2007 Judge Sterba sentenced Hill to 9 years after Hill plea "anew", Hill was credited pre-sentence jail time of 1,329 days, *Class 1 only, of which means less parole, then Class X.*

6) That on December 13, 2007 trial judge reduced Hill's sentence to 8 years (see attached), *Class 1.*

7) That this court having jurisdiction, by fact Hill was convicted and sentenced in the Northern District Illinois, Cook County Court and Hill will be returning to same on 3/6/08. Hill have exhausted his state remedies. See order of 1/18/08 U.S.Dist. court Southern District (attached at pg. 2 )

8) That Hill has exhausted his state remedies.

9) That Hill is now entitle to IMMEDIATE RELEASE.

ISSUE(S) PRESENTED FOR REVIEW

A) whether Hill recieved DUE PROCESS during a prisoner disciplinary hearing, that resulted in the loss of good time credit.

B) Whether the loss of good time credit should be restored, after Hill's criminal case is/was remanded by the ILL. APP. CT. and sentence VACATED, by the trial court, and Hill plead anew to time consider served.

C) Whether Hill is entitle to IMMEDIATE RELEASE.

>FEDERAL RULE CIVIL PROC. .65, Injunction outweighs any non injunction relief.

WHEREFORE, HENRY HILL, prays this court grant IMMEDIATE-RELEASE.

*Henry C. Hill*

B62006
P.O. Box 900
Ina, IL 62846

I, Henry C. Hill, bring first duly sworn, depose and says that

the information contain in the above Habaes Corpus is true to the best of my knowledge. And information base on belief I too say it to be correct.

*[signature: Henry C. Hill]*

Henry C. Hill B62006
P.O. Box 900
Ina, IL 62846


SUBSRICIBED AND SWORN TO

BEFORE ME THIS 31ST DAY OF

_____Jan_____, 2008.

*[signature]*

NOTARY PUBLIC

"OFFICIAL SEAL"
Jennifer L. Wilson
Notary Public, State of Illinois
My Commission Exp. 07/31/2008

Order            CCG N002-300M-2/24/05 (      )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

People of the State of Illinois

v.

Henry Hill

No. 03 CR 25415-7

**ENTERED**
JUDGE DAVID P. STERBA - 1729
MAY 29 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

**ORDER**

This cause coming on to be heard on remand from the Appellate Court, all parties being present with the court, this court having jurisdiction

It Is Hereby Ordered that:

The prior plea to 9½ years IDOC is vacated and Mr. Hill after pleading anew to the same charge shall serve a concurrent sentence of 9 years, with credit for 1,325 days time considered served, actually served.

Atty. No.: 30295
Name: FRED WEIL APD
Atty. for: Henry Hill
Address: 69 W. Washington
City/State/Zip: Chicago, IL 60602
Telephone: 312-663-0600

ENTERED:
Dated: May 29, 2007

Judge        Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

EX A

IN THE CIRCUIT COURT OF COOK COUNTY

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | CASE NUMBER 03CR2541701 |
| V. | ) | DATE OF BIRTH 09/05/57 |
| HENRY HILL | ) | DATE OF ARREST 10/08/03 |
| Defendant | ) | IR NUMBER _____ SID NUMBER IL1736232 |

## ORDER OF COMMITMENT AND SENTENCE TO ILLINOIS DEPARTMENT OF CORRECTIONS

The above named defendant having been adjudged guilty of the offense(s) enumerated below is hereby sentenced to the Illinois Department of Corrections as follows:

| Count | Statutory Citation | Offense | Sentence | Class |
|---|---|---|---|---|
| 001 | 720-5/19-3 | RESIDENTIAL BURGLARY | YRS. 009 MOS. 00 | 1 |

and said sentence shall run concurrent with count(s) ___ ___ ___ ___

_____ _____ _____ YRS. ___ MOS. ___ ___
and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

_____ _____ _____ YRS. ___ MOS. ___ ___
and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

_____ _____ _____ YRS. ___ MOS. ___ ___
and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

_____ _____ _____ YRS. ___ MOS. ___ ___
and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

On Count ___ defendant having been convicted of a class ___ offense is sentenced as a class x offender pursuant TO 730 ILCS 5/5-5-3(C)(8).

On Count ___ defendant is sentenced to an extended term pursuant to 730 ILCS 5/5-8-2.

The Court finds that the defendant is entitled to receive credit for time actually served in custody for a total credit of 1329 days as of the date of this order

IT IS FURTHER ORDERED that the above sentence(s) be concurrent with the sentence imposed in case number(s) 03CR2541501 03CR2541601 _____
AND: consecutive to the sentence imposed under case number(s) _____

IT IS FURTHER ORDERED THAT _____

IT IS FURTHER ORDERED that the Clerk provide the Sheriff of Cook County with a copy of this Order and that the Sheriff take the defendant into custody and deliver him/her to the Illinois Department of Corrections and that the Department take him/her into custody and confine him/her in a manner provided by law until the above sentence is fulfilled.

DATED MAY 29, 2007                      ENTER: 05/29/07

CERTIFIED BY _____          JUDGE: STERBA, DAVID P.    1729
             DEPUTY CLERK                                          CCG N305

HGP2 05/29/07 12:08:59

Order                                    CCG N002-300M-2/24/05 (            )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

People of the State of Illinois

v.                                } Nos. 03 CR 25415, 16, 17

Henry Hill

### ORDER

This cause coming on to be heard upon motion of Defendant, all parties having received due + proper notice and being present, and the Court being fully advised in the premises and having jurisdiction. It Is Hereby Ordered that Defendant's Motion to Reconsider Sentence is granted. His concurrent sentence of 9 years on all 3 charges (2 cts residential burglary + 1 ct PSMV) are reduced to 8 years concurrent on all 3 offenses. Hill is given credit for 1527 days time considered served.

Atty. No.: 30295
Name: Fred Weil, APD
Atty. for: Defendant Henry Hill
Address: 69 W. Washington
City/State/Zip: Chicago, IL 60602
Telephone: 312-603-0600

ENTERED:

Dated: December 13, 2007

ENTERED
JUDGE DAVID [illegible] 1729
DEC 13 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Judge STERBA by DL/Deputy Clerk    Judge's No. 1729

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

EX A

IN THE CIRCUIT COURT OF COOK COUNTY

PEOPLE OF THE STATE OF ILLINOIS  )   CASE NUMBER    03CR2541701
              V.  )   DATE OF BIRTH  09/05/57
HENRY      HILL  )   DATE OF ARREST 10/08/03
Defendant                             IR NUMBER _____ SID NUMBER IL1736232

## ORDER OF COMMITMENT AND SENTENCE TO
## ILLINOIS DEPARTMENT OF CORRECTIONS

The above named defendant having been adjudged guilty of the offense(s) enumerated below is hereby sentenced to the Illinois Department of Corrections as follows:

| Count | Statutory Citation | Offense | Sentence | Class |
|---|---|---|---|---|
| 001 | 720-5/19-3 | RESIDENTIAL BURGLARY | YRS. 008  MOS. 00 | 1 |

and said sentence shall run concurrent with count(s) ___ ___ ___ ___

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: _____   YRS. ___ MOS. ___

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: _____   YRS. ___ MOS. ___

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: _____   YRS. ___ MOS. ___

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: _____

On Count ___ defendant having been convicted of a class _ offense is sentenced as a class X offender pursuant TO 730 ILCS 5/5-5-3(C)(8).

On Count ___ defendant is sentenced to an extended term pursuant to 730 ILCS 5/5-8-2.

The Court finds that the defendant is entitled to receive credit for time actually served in custody for a total credit of 1527 days as of the date of this order

IT IS FURTHER ORDERED that the above sentence(s) be concurrent with the sentence imposed in case number(s) 03CR2541501  03CR2541601 _____
AND: consecutive to the sentence imposed under case number(s) _____

IT IS FURTHER ORDERED THAT _____ (illegible handwriting)

IT IS FURTHER ORDERED that the Clerk provide the Sheriff of Cook County with a copy of this Order and that the Sheriff take the defendant into custody and deliver him/her to the Illinois Department of Corrections and that the Department take him/her into custody and confine him/her in a manner provided by law until the above sentence is fulfilled.

DATED DECEMBER 13, 2007                         ENTER: 12/13/07

CERTIFIED BY _____                     _____
         DEPUTY CLERK                          JUDGE: STERBA, DAVID P.    1729

BGP3 12/13/07 11:15:01                                                    CCG N305

**Motion for Leave to Amend (Doc. 63)**

In this motion, Plaintiff seeks to amend his Complaint to add a "claim" seeking a Writ of Habeas Corpus. In the Court's August 22, 2006 Memorandum and Order, Chief Judge Murphy dismissed Count II of Plaintiff's original Complaint, which alleged that Plaintiff was denied due process of law when his good time credits were revoked following Plaintiff's disciplinary proceeding for refusing to leave segregation. In the Memorandum and Order, Chief Judge Murphy stated:

> [T]he proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West*, 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 et seq., to consider the merits of Plaintiff's claim. Accordingly, this claim is dismissed without prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies.***

(Doc. 7 at 6-7) (emphasis in original). Of critical importance to the pending motion is the Court's statement that "this claim is dismissed without prejudice to plaintiff brining his claims *in a properly filed habeas corpus action* . . ." (Doc. 7 at 7) (emphasis supplied). If Plaintiff has exhausted his administrative remedies on the claim that he wishes to amend his complaint with, he must bring that claim in a properly filed habeas action—not this Section 1983 action. Accordingly, the Motion for Leave to Amend (Doc. 63) is **DENIED**.